IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES CHARLES BARNES, | : | |
| Petitioner, | : | |
| | : | 1:13-cv-1411 |
| v. | : | |
| | : | Hon. John E. Jones III |
| MICHAEL W. HARLOW, *et al*. | : | |
| Respondents | : | |

**<u>MEMORANDUM</u>**

April 27, 2015

On May 1, 2013, the instant counseled habeas corpus petition pursuant to 28

U.S.C. § 2254, was filed on behalf of Petitioner, James Charles Barnes ("Barnes"

or "Petitioner").[1]  (Docs. 1, 4).  Barnes challenges his 2007 convictions imposed

by the Monroe County Court of Common Pleas.  (Doc. 4, p. 1).  After careful

consideration of the parties' submissions, and for the reasons discussed below, the

petition will be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

**I.    BACKGROUND**

On May 8, 2007, following a jury trial, Barnes was convicted of multiple

counts of rape and related offenses stemming from the sexual assault of two

minors.  (Doc. 4, p. 1;  *see* Court of Common Pleas of Monroe County electronic

---

[1]The petition was initially filed in the United States District Court for the
Western District of Pennsylvania on April 30, 2013.  (Doc, 1).  The matter was
transferred to this court on May 24, 2013.  (Doc. 8).

docket number CP-45-CR-0001132-2006 ("Monroe County electronic docket")).

On  August 7, 2007, he was sentenced to an aggregate term of thirty-four to sixty-

eight years.  (Doc. 4, p. 1).  He filed a timely notice of appeal.  (*Id.* at 2).  The

Pennsylvania Superior Court denied the appeal on July 15, 2008.  (*See* Monroe

County electronic docket, p. 39).  Barnes did not pursue a petition for allowance of

appeal.

On July 2, 2009, Barnes filed a petition for post conviction collateral relief

pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§

9541-46.  (Doc. 4, p. 3; *see* Monroe County electronic docket, p. 39).  The petition

was denied on May 19, 2010, following multiple evidentiary hearings.  (Doc. 4, p.

3, 6; *see* Monroe County electronic docket, pp. 41-44).  He pursued an appeal to

the superior court, which affirmed the PCRA court's denial of relief on September

7, 2011.  (Doc. 4, p. 6; 18-24).  Thereafter, he filed a petition for allowance of

appeal with the Pennsylvania Supreme Court.  (Doc. 4, p. 7; *see* Pennsylvania

Supreme Court electronic docket number 890 MAL 2011 ("Supreme Court

electronic docket")).  The petition was denied on May 15, 2012.  (*See* Supreme

Court electronic docket, pp. 2-3).

The instant petition was filed on April 30, 2013.  (Doc. 1).  Respondents

seek to dismiss the petition as untimely.  (Doc. 18).  A traverse was filed on

December 20, 2013.  (Doc. 21).

## II.    DISCUSSION

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §

2254 must adhere to a statute of limitations that provides, in relevant part, as

follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review  . . .
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see generally*, *Jones v. Morton*, 195 F.3d 153, 157 (3d

Cir. 1999).  Under the plain terms of § 2244(d)(1)(A), a state court criminal

judgment does not become final until appeals have been exhausted or the time for

appeal has expired.  *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).  Thus,

the period of time for filing a habeas corpus petition begins to run when direct

review processes are concluded.  *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th

Cir. 2000) (stating that "the AEDPA provides that upon conclusion of direct

review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.").

Barnes was sentenced on August 7, 2007, and his direct appeal proceedings concluded on July 15, 2008. His judgment became final ninety (90) days later, on October 13, 2008, when his time to seek United States Supreme Court review of his direct appeal proceedings expired. The one-year period for the statute of limitations commenced running as of that date and expired on October 13, 2009. Hence, the federal petition filed on April 30, 2013, is patently untimely. However, this does not conclude the court's analysis as it is necessary to consider both statutory and equitable tolling.

A.    *Statutory Tolling*

Section 2244(d)(2) tolls the one year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. *Swartz v. Meyers*, 204 F.3d 417 (3d

Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. *Stokes v. Dist. Attorney of the Cnty of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

The statute of limitations in the matter *sub judice* began running on October 13, 2008, and, absent any tolling, expired on October 13, 2009. Barnes successfully tolled the time period when he filed his timely PCRA petition on July 2, 2009. At that point, approximately 262 days of the one-year period had elapsed. The statute remained tolled until May 15, 2012, when his petition for allowance of appeal was denied by the Pennsylvania Supreme Court. The statute of limitations began running on May 15, 2012, and expired 103 days later on August 26, 2012. Consequently, his federal petition, which was received in federal court on April 30, 2013, was filed after the expiration of the limitations period and is therefore untimely.

B.    *Equitable Tolling*

A habeas petitioner may also be entitled to equitable tolling of the AEDPA statute of limitations. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003) (holding that AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception); *Johnson v. Hendricks*, 314 F.3d 159, 162 (3d Cir.

5

2002).  Significantly, this statute of limitations is subject to equitable tolling only in extraordinary circumstances.  *See Merritt*, 326 F.3d at 161.  Thus, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored.  "Courts must be sparing in their use of equitable tolling" and only permit it where "principles of equity would make rigid application of a limitation period unfair."  *Sistrunk v. Rozum*, 674 F.3d 181, 189 (3d Cir. 2012).

In *Merritt*, the Third Circuit Court of Appeals set forth two general requirements for equitable tolling:  "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claims."  *Merritt*, 326 F.3d at 168 (internal citations and quotations omitted).  Mere excusable neglect is not sufficient.  *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998).  The Court of Appeals has identified additional circumstances in which equitable tolling is warranted: (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, and (4) the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into

believing that he had done everything required of him.  *See Yanes v. Nish*, No.

1:CV-08-2234, 2009 WL 1045884, at *2 (M.D. Pa. 2009) (Caldwell, J.) (citing

*Jones*, 195 F.3d at 159).

Barnes bears the burden of demonstrating his entitlement to equitable

tolling and his due diligence.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005);

*Cooper v. Price*, 82 F. App'x. 258, 260 (3d Cir. 2003).  It is uncontested that

Barnes's petition was filed after expiration of AEDPA's one-year statute of

limitations.  Petitioner seeks to equitably toll the statute as set forth below:

> Following his direct appeal, Mr. Barnes filed a Post Conviction Relief
> Act ("PCRA") petition and a subsequent PCRA appeal.  When the
> PCRA appeal was denied, Mr. Barnes's counsel informed him – in
> writing – that [he] had one year to seek review in federal court . . .
> Based on counsel's erroneous advice, Mr. Barnes spent countless hours
> in the prison library and filed the underlying *pro se* habeas corpus
> petition in what he thought was a timely manner, only to discover later
> that counsel's instruction was in error.  Under the circumstances,
> counsel's advice was egregious, and this Court should deem the petition
> as timely under the principle of "equitable tolling" and decide the
> petition on the merits.

(Doc. 21, p. 1).

The Third Circuit has repeatedly found that in non-capital cases, like this

one, attorney error does not constitute the "extraordinary circumstances" necessary

for equitable tolling.  *See e.g.*, *Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004)

(holding that "[g]enerally . . . attorney error is not a sufficient basis for equitable

tolling of the AEDPA's one-year period of limitation."); *Johnson*, 314 F.3d at 163 (holding that a petitioner's receipt of erroneous advice from counsel regarding the deadline for filing a federal habeas corpus petition did not warrant equitable tolling); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (finding that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."). Thus, under the controlling law, Petitioner's reliance on his counsel's alleged erroneous advice is insufficient to trigger equitable tolling.

Barnes also relies on *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) in seeking to toll the statute. His reliance is misplaced. There is a plethora of district court opinions finding that the *Martinez* decision did not allow for equitable tolling of the AEDPA deadlines in the context of ineffective assistance of counsel. *See Silfies v. Walsh*, No. 1:CV-02-1777, 2013 WL 3049096, at *3 (M.D.Pa. June 17, 2013) (holding that "Martinez did not provide that post conviction counsel's ineffectiveness could establish an exception to or equitable tolling of AEDPA's one-year statute of limitations for filing a federal habeas corpus petition.") (citations omitted). *See also Wilson v. Sweeney*, No. 11-1201 SDW, 2014 WL 714920, at *12 (D.N.J. Feb. 24, 2014) (collecting cases); *Capers v. Walsh*, No. 12-4780, 2012 WL 5389513, at *4 (E.D.Pa. Oct. 5, 2012) (citing *Martinez*, 132 S.Ct.

8

at 1315 (limiting decision to issue of whether there was cause for prisoner's procedural default on collateral review); *Kingsberry v. Maryland*, No. AW-12–1556, 2012 WL 2031991, at *1 (D.Md. June 4, 2012) (stating "*Martinez* did not address equitable tolling in the context of ineffective assistance of counsel and provides no relief here."); and *Peeples v. Citta*, Nos. 11–6238 (JAP), 12–2203 (JAP), 2012 WL 1344819, at *6 n. 10 (D.N.J. Apr.16, 2012) (finding *Martinez* does not provide a basis for equitable tolling). *See also Vogt v. Coleman*, No. 08-0530, 2012 WL 2930871, at *4 (W.D.Pa. July 18, 2012) (collecting cases) and *Stromberg v. Varano*, No. 09-401, 2012 WL 2849266, at *5 n. 37 (E.D.Pa. July 11, 2012) (holding "*Martinez* is not controlling in this case because the Court denied the petition as time-barred, not procedurally defaulted. Furthermore, the consideration of procedurally defaulted claims does not alleviate a petitioner's burden to overcome [the one-year] statute of limitations or to prove the merits of his case"). We join these courts in concluding that *Martinez* does not allow for equitable tolling of the AEDPA deadlines based on ineffectiveness of counsel.

## III.   CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus will be denied as untimely.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a

9

certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the procedural disposition of this case debatable.  *See Vogt*, 2010 WL 126155, at *8 (concluding that "jurists of reason would not find it debatable whether the Petition was filed within the one-year limitation period provided for under AEDPA" and denying a certificate of appealability). Accordingly, there is no basis for the issuance of a certificate of appealability.

The denial of a certificate of appealability does not prevent Barnes from

10

appealing the order denying his petition so long as he seeks, and obtains, a

certificate of appealability from the court of appeals.  *See* FED. R. APP. P. 22(b)(1),

(2).

      A separate order will enter.